ORDER
GARY P. SULLIVAN, Chief Justice.
A timely NOTICE OF APPEAL having been filed December 15, 2003 by Kimberly Johnson, Tribal Prosecutor, from an Order to Release, issued by the Honorable John Christian, on December 3, 2003, and good cause appearing therefore, the said appeal is granted and the matter is remanded without further appellate proceedings for the reasons set forth below.
On November 22, 2003, the juvenile herein was charged with being a youth in need of supervision pursuant to Title IX CCOJ 2000 § 102(f) for an alleged incident wherein the youth was apprehended by Tribal Police officers at 2:40 a.m. at which *145 time C.M. was found to be in an “extremely intoxicated condition”. The intoxication charge was caste as a violation of Title VII CCOJ 2000 § 440 (Disorderly Conduct) which resulted in an additional allegation that C.M. was a delinquent youth pursuant to Title IX CCOJ 2000 § 102(g).
The matter came before Tribal Juvenile Judge John Christian on November 24, 2003 and C.M. was remanded to custody in the Juvenile Detention Center pending a Dispositional Hearing on December '3, 2003. Judge Christian also ordered a drug and alcohol evaluation.
On December 3, 2003, Judge Christian issued an Order to Release C.M. stating only: “Release to Dennis Tyrrell. Petitions Dismissed-Failure to Prosecute.”
The Tribal Prosecutor appeals to this Court alleging that the hearing was calendared for 11:00 a.m. on December 3, 2003 and at approximately 10:00 a.m. on the morning of the hearing Judge Christian informed her that all morning hearings would be continued to 1:00 p.m. due to the fact that there was no heat in the Youth Court. The Prosecutor further quotes from a letter addressed to the Fort Peck Tribal Court from Dennis E. Tyrrell, CSW II, DPHHS Community Social Worker, who is the legal guardian of C.M. The letter quoted from is a matter of record and states in part: “A dispositional hearing was scheduled in the Juvenile Court on 12/03/2003 at 11:00. I arrived for this hearing at 10:50. The defendant, (C.M.), was not present at the Juvenile Court. His Honor, Judge Christian, informed me that all hearings were rescheduled due to the building not having heat. A short time later, the court clerk came out of the courtroom and handed me a paper saying that the petition was dismissed for failure to prosecute.”
In addition to an implied denial of due process, the Tribal Prosecutor also alleges the Court erred by failing to require that C.M. attend the hearing as required by Title IX CCOJ 2000 § 303(a) which states in part: “... The youth shall be present for all Court hearings if over the age of ten (10) years unless the Court determines that the youth will likely suffer severe emotional harm as a result of such presence.”
The Prosecutor’s allegation that the defendant must be present at the hearing would not necessarily be sustained in the instance where the Court dismisses the action for failure to prosecute. While the Court may seek to prosecute a litigant for failing to appear at any scheduled hearing, such action would not preclude the Court from dismissing the underlying action and then proceeding to prosecute for failure to appear, which would then be an entirely new and different action.
Nonetheless, it is obvious that something went terribly wrong on December 3rd and that most likely a certain amount of confusion surrounded all of the morning hearings in Juvenile Court. Whatever the cause of that confusion, the Prosecution and the legal guardian were denied their opportunity to address the Court with their grievances. Accordingly, the Tribal Court’s order of dismissal cannot stand.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Order to Release issued by the Tribal Court on December 3, 2003, is set aside and the matter is remanded for a hearing on the merits.